Gregory J. Gorski
**GORSKI LAW, PLLC**
1635 Market St., Suite 1600
Philadelphia, PA 19103
215-330-2100

**Attorneys for Plaintiff**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **JASMYN KATHERINE MOOREHEAD,** individually, and on behalf of all others similarly situated, | Civil Action No. |
| Plaintiff, | **CLASS ACTION COMPLAINT** |
| v. | **JURY TRIAL DEMANDED** |
| **ACRE MORTGAGE & FINANCIAL, INC.** | |
| Defendant. | |

Plaintiff Jasmyn Katherine Moorehead ("Plaintiff"), on behalf of herself and all other similarly situated individuals alleges the following claims against Defendant Acre Mortgage & Financial, Inc. ("Acre Mortgage"), pursuant to the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.* (the "FCRA").

**PRELIMINARY STATEMENT**

1. This class action seeks remedies under the FCRA against Acre Mortgage on behalf of consumers whose credit reports were procured by Acre Mortgage without a permissible purpose or consent. Acre Mortgage consciously engaged in this conduct as a matter of practice to surreptitiously obtain consumer's credit reports without their knowledge resulting in an invasion of privacy to consumers and harm to their credit reputation and scores.

## THE PARTIES

2. Plaintiff is an adult individual residing in Cherry Hill, New Jersey.

3. Defendant Acre Mortgage is a New Jersey corporation with its principal place of business in Marlton, New Jersey.

## JURISDICTION & VENUE

4. This Court possesses federal question jurisdiction pursuant to 28 U.S.C. §1331 as this matter is an action arising under the laws of the United States.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b)(1) & (2) because a substantial part of the events or omissions giving rise to this action occurred in the District of New Jersey, and Defendant possesses sufficient contacts with this District to be deemed to reside in this District.

## FACTUAL ALLEGATIONS

6. In or around May 2019, Plaintiff was contacted by Acre Mortgage in response to an advertisement she responded to on Zillow about obtaining a mortgage loan.

7. Plaintiff specifically expressed to the Acre Mortgage loan officer that she did not want her credit report pulled or credit score affected.

8. Upon information and belief, Acre Mortgage as a matter of practice misrepresents to consumers that their credit report will not be accessed, and credit score will not otherwise be affected, by falsely representing to the consumer that they are performing a "soft inquiry."

9. After making these misrepresentations, the Acre Mortgage loan officer will obtain enough personal identifying information to perform a credit inquiry on the consumer without obtaining written or recorded consent from the consumer to perform the inquiry.

10. Consistent with this practice, Plaintiff was shocked to learn that, on or about May 11, 2019, Acre Mortgage impermissibly obtained Plaintiff's Trans Union, Experian and Equifax credit reports, despite the fact that Plaintiff had not provided Acre Mortgage with written authorization to conduct such an inquiry and even specifically articulated that she did not want her credit report accessed.

11. Acre Mortgage falsely certified that it was inquiring into Plaintiff's credit reports for an extension of credit when no such permissible purpose existed, and Plaintiff had not otherwise consented to the review of her credit reports.

12. Acre Mortgage as such had no lawful purpose for accessing Plaintiff's consumer reports.

13. Acre Mortgage's actions resulted in a severe invasion of Plaintiff's privacy and caused harm to Plaintiff's credit reputation and score.

14. Acre Mortgage routinely and systematically obtains credit reports of consumers with no permissible purpose or written consent, resulting in unlawful credit inquiries on these consumers.

15. At all times pertinent hereto, Acre Mortgage was acting by and through its affiliates, subsidiaries, agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Acre Mortgage.

16. At all times pertinent hereto, the conduct of Acre Mortgage, as well as that of its affiliates, subsidiaries, agents, servants and/or employees, was intentional, willful, reckless, and in grossly negligent disregard of the FCRA and the rights of Plaintiff.

17. As a result of Acre Mortgage's conduct, Plaintiff and members of the Putative Class have suffered concrete injuries including but not limited to: invasion of privacy, informational

injuries, and harm to credit reputation and score, increased risk of identity theft, and consequential anxiety and emotional distress.

## CLASS ACTION ALLEGATIONS

18. Pursuant to FED. R. CIV. P. 23, Plaintiff brings this action on behalf of the Class initially defined below:

> All natural persons residing in the United States, whose consumer reports displays an inquiry by Acre Mortgage for which Acre Mortgage does not possess a written authorization or recording obtaining consent to request the consumer's credit report in the previous five years.

19. Excluded from the class are Acre Mortgage and any entities in which Acre Mortgage has a controlling interest, Acre Mortgage's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family.

20. Plaintiff reserves the right to amend the definition of the Class based on discovery or legal developments.

21. **Numerosity.** The members of the Putative Class are so numerous that the individual joinder of all of its members is impracticable. Upon information and belief, Acre Mortgage has performed hundreds or thousands of impermissible inquiries of consumer's credit reports each year, and those persons' names and addresses are identifiable through documents maintained by Acre Mortgage. While the exact number and identities of the members of the Putative Class are unknown to Plaintiff at this time, this information can be ascertained through appropriate discovery.

22. **Commonality.** Common questions of law and fact exist as to all members of the Putative Class and predominate over any questions solely affecting individual members of the Putative Class, including but not limited to: whether Acre Mortgage obtained consumer reports

without a permissible purpose in violation of the FCRA and whether Acre Mortgage acted willfully or negligently in disregard of the rights of consumers.

23. **Typicality.** Plaintiff's claims are typical of the claims of each Class member. Plaintiff has the same or similar claims for statutory and punitive damages that she seeks for absent class members.

24. **Adequacy.** Plaintiff is an adequate representative of the Putative Class. Plaintiff's interests are aligned with and are not antagonistic to the interests of the members of the Putative Class. Plaintiff has retained competent and experienced counsel in such litigation, and she intends to prosecute this action vigorously. Plaintiff and her counsel will fairly and adequately protect the interests of members of the Class.

25. **Predominance & Superiority.** Questions of law and fact common to the Class members predominate over questions affecting only individual members, and a class action is superior to other available methods for fair and efficient adjudication of the controversy. The statutory and punitive damages sought by each member are such that individual prosecution would prove burdensome and expensive given the complex and extensive litigation necessitated by Acre Mortgage's conduct. Even if the members of the Class themselves could afford such individual litigation, it would be an unnecessary burden on the courts. Furthermore, individualized litigation presents a potential for inconsistent or contradictory judgments and increases the delay and expense to all parties and to the court system presented by the complex legal and factual issues raised by Acre Mortgage's conduct. By contrast, the class action device will result in substantial benefits to the litigants and the Court by allowing the Court to resolve numerous individual claims based upon a single set of proofs in a unified proceeding.

## COUNT I – CLASS CLAIM
## VIOLATIONS OF THE FCRA

26. Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

27. Acre Mortgage's conduct occurring on May 11, 2019 as described above violates 15 U.S.C. § 1681b(f) by obtaining a consumer report knowingly and recklessly without a permissible purpose and without authorization from Plaintiff and the Class members.

28. The foregoing violations were willful. Acre Mortgage knew or should have known that it was not authorized to request Plaintiff's and the Class members' credit reports and acted in deliberate or reckless disregard of its obligations and the rights of Plaintiff and other Class members.

29. Plaintiff and the Class are entitled to statutory damages pursuant to 15 U.S.C. § 168ln(a)(l)(A).

30. Plaintiff and the Class are entitled to punitive damages for these violations pursuant to 15 U.S.C. § 1681n(a)(2).

31. Plaintiff and the Class are further entitled to recover their costs and attorney's fees, pursuant to 15 U.S.C. § 1681n(a)(3).

32. Alternatively, Acre Mortgage's violations were negligent and Plaintiff seeks issue certification based on Acre Mortgage's negligence under Fed. R. Civ. P. 23(c)(4).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of herself and the Putative Class, prays for relief as follows:

    A.    An order certifying the proposed class as to Count I herein pursuant to Fed. R. Civ. P. 23 and appointing the undersigned as class counsel;

B. Judgment against Acre Mortgage as to Count I for statutory and punitive damages pursuant to 15 U.S.C. § 1681n;

C. Alternatively, in accordance with Fed. R. Civ. P. 23(c)(4), an order certifying the Class as to Count I on the issue that Acre Mortgage's conduct was negligent pursuant to 15 U.S.C. § 1681o;

D. Attorneys' fees, expenses and costs; and

E. Such other relief as may be just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

Plaintiff hereby designates Gregory Gorski as trial counsel in the above-captioned matter. Plaintiff reserves the right to amend this designation as necessary.

## ARBITRATION CERTIFICATION

I, Gregory Gorski, counsel of record, do hereby certify pursuant to Local Civil Rule 201.1(d) that the damages sought are in excess of $150,000 exclusive of interest and costs and any claim for punitive damages. This matter further is class action involving complex and/or novel legal issues unsuitable for arbitration. I further certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court.

Respectfully Submitted,

**GORSKI LAW, PLLC**

BY: */s/ Gregory Gorski*
GREGORY GORSKI, ESQUIRE
1635 Market Street, Suite 1600
Philadelphia, PA 19103
(215) 330-2100

Attorneys for Plaintiff

Dated: April 7, 2020